**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Robert F. Grant,** ) | Civil Action No. 9:16-0982-JMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                    ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Thomas E. Byrne, Doctor and** ) | |
| **Cecilia Reynolds, Warden**, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, who at the time this action was filed was an inmate with the South Carolina Department of

Corrections (SCDC),[1] alleges violations of his constitutional rights by the named Defendants.

Specifically, Plaintiff alleges that he was hurt in a van accident caused by an SCDC employee, and

that the Defendant Byrne (an SCDC physician) failed to provide him with adequate medication for

his pain and failed to properly treat his back and neck injuries.  Plaintiff further claims that he

informed the Defendant Reynolds, the Warden at his institution, about Dr. Byrne's refusal to provide

him with further treatment, but that she failed do anything about his complaints.

The Defendants filed a motion for summary judgment pursuant to Rule 56,

Fed.R.Civ.P., on August 23, 2016.  As the Plaintiff is proceeding pro se, a Roseboro Order was

_____

[1]Plaintiff has now been released from the Department of Corrections. See Court Docket No. 13 (Change of Address Notice).



1

entered by the Court on August 25, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.  However, notwithstanding the specific warning and instructions as set forth in the Court's <u>Roseboro</u> order, Plaintiff has failed to file a response to the Defendants' motion, or to contact the Court in any way.  As such, it appears that Plaintiff has abandoned this action, and it should therefore be **dismissed** for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

Alternatively, even if Plaintiff's claim is considered on the merits, the undersigned is constrained to note that the Defendants have submitted an affidavit from a medical professional, Dr. John McRee, who attests that he is the acting Medical Director for the SCDC, that he has reviewed all of the relevant medical records and documentation relating to Plaintiff's complaint, that he also personally examined the Plaintiff and provided treatment to him on numerous occasions, and that Plaintiff did not experience any serious or life threatening medical problems regarding his back, nor has he had any emergent or urgent medical problems caused by his back that required immediate or emergent care.  Dr. McRee further attests as a licensed physician that there was no violation of any standards of medical/prison practice regarding Plaintiff's care and treatment.  Plaintiff's lay opinion and allegations in his Complaint, without any supporting evidence, that Dr. Byrnes did not provide him with a constitutionally required level of care are not sufficient to avoid summary judgment in light of this opinion.  <u>See</u> <u>Scheckells v. Goord</u>, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing <u>O'Connor v. Pierson</u>, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]).



Additionally, as support for his medical opinion, Dr. McRee provides in his affidavit a detailed recitation (taking up thirteen pages of the affidavit) of the medical care and treatment Plaintiff received for his complaints, together with thirty-eight pages of medical records supporting his recitation of the facts as set forth in his affidavit. Further, Plaintiff himself in his own verified Complaint sets forth how he was seen by medical personnel and had medical treatment provided, including the taking of x-rays and provision of medications. While Plaintiff makes clear in his Complaint that he was dissatisfied with the medical care and treatment he received, there is nothing in the actual medical evidence provided to this Court (nor, indeed, since Plaintiff failed to even respond to the Defendants' motion, has he provided any argument) to show a violation of his constitutional rights by Dr. Byrne or any other medical professional. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) [In order to proceed with a claim for denial of medical care as a constitutional violation, a Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether a named Defendant was deliberately indifferent to his serious medical needs]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994); House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

Plaintiff's mere lay disagreement with the opinions or diagnoses of Dr. Byrne or any other medical professional, without any contrary *medical* evidence to show that any such medical professional violated the requisite standard of care for his complaints, is not sufficient to maintain a §1983 deliberate indifference lawsuit. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir.

3



1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim].

As for the Defendant Reynolds, she is not a medical professional, and cannot be held liable for any medical decisions made by any of the prison medical personnel just because they are employees of the prison, or just because Plaintiff may have complained to her about the medical decisions being made by prison medical personnel. Rather, she was entitled to rely on the judgement and decisions made by the medical professionals who saw the Plaintiff with respect to his medical care. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise of medical personnel]. Plaintiff has provided no evidence (or even argument) to show why Reynolds should be held liable for a violation of his constitutional rights in this case.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

October 13, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

